**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Eitan Maximov, | No. CV-14-00636-PHX-DGC |
| Petitioner, | **ORDER** |
| v. | |
| USA, | |
| Respondent. | |

Petitioner objects to the Magistrate Judge's Report and Recommendation ("R&R"). Doc. 16. The R&R suggests that this Court dismiss the pro se petition brought pursuant to 28 U.S.C. § 2255. Doc. 15. Specifically, the Magistrate Judge found that Petitioner's claims are procedurally barred. The matter is fully briefed, and no party has requested oral argument. The Court will dismiss the petition.

**I.   Background.**

Petitioner Eitan Maximov was convicted of one count of conspiracy to commit wire or bank fraud and one count of bank fraud. At sentencing, the Court found Maximov was "clearly an organizer," and thus applied the Aggravating Role sentence enhancement. Ultimately, the Court sentenced Maximov to 97 months in prison.

Maximov appealed his conviction, and, after counsel was appointed, requested an international prison transfer to his home country of Israel. He later decided to dismiss his appeal after he "learned that international prison transfer requests will not be considered during the pendency of an appeal[.]" Doc. 15 at 2. Counsel warned, however, that

dismissing the appeal would preclude his ability to raise certain claims because "they were not raised on direct appeal." *Id.* Nonetheless, Maximov dismissed the appeal and signed an affidavit acknowledging that dismissing his appeal would affect his right to collaterally attack his conviction and sentence.

On March 28, 2014, Maximov filed a petition pursuant to 28 U.S.C. § 2255 arguing that the sentencing guidelines were applied incorrectly, that the indictment was defective, and that he received ineffective assistance of both trial and appellate counsel. On June 22, 2015, Magistrate Judge David Duncan issued an R&R recommending that the Court dismiss Maximov's claims because they are procedurally barred. *Id.* at 3. Maximov filed objections to the R&R. Doc. 16.

**II.   Legal Standard.**

 **A.   Objections.**

The Court may accept, reject, or modify, in whole or in part, the findings or recommendations made by a magistrate judge in a habeas case. *See* 28 U.S.C. § 636(b)(1). The Court must undertake a de novo review of those portions of the R&R to which specific objections are made. *See id.*; Fed. R. Civ. P. 72(b)(3); *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003).

 **B.   Procedural Default.**

Generally, "claims not raised on direct appeal may not be raised on collateral review[.]" *Massaro v. United States*, 538 U.S. 500, 504 (2003). In such a case, the claims are procedurally defaulted and "may be raised in habeas only if the defendant can first demonstrate either cause and actual prejudice, or that he is actually innocent." *Bousley v. United States*, 523 U.S. 614, 622 (1998) (internal quotation marks and citations omitted). Claims for ineffective assistance of counsel, however, are not subject to this rule, and therefore may be raised on collateral attack even if they were not directly appealed. *See Massaro*, 538 U.S. at 509 ("We do hold that failure to raise an ineffective-assistance-of-counsel claim on direct appeal does not bar the claim from being brought in a later, appropriate proceeding under § 2255.").

### III.     Analysis.

Maximov argues that (1) the Court applied the wrong sentencing guidelines resulting in a higher sentence, (2) the Court improperly applied the Aggravating Role enhancement, (3) his attorney was ineffective for failing to object to the application of the guidelines, (4) his attorney was ineffective for failing to advise him of these issues on appeal, and (5) the indictment was defective. Doc. 3. The Magistrate Judge found all of these claims procedurally barred because Maximov failed to raise them on direct appeal. Importantly, Maximov's objections do not challenge any specific portion of the R&R. Although this failure would preclude Maximov's right to de novo review, *see Howard v. Sec'y of HHS*, 932 F.2d 505, 509 (9th Cir. 1991) (failure to file specific objections to R&R "has the same effect as would a failure to object"), the Court will address Judge Duncan's findings.

The Court agrees that Maximov's claims relating to the application of the sentencing guidelines, the sentencing enhancement, and the indictment are barred because he failed to raise them on direct appeal. Maximov does not dispute that he failed to raise these claims on direct appeal and that he executed an affidavit acknowledging that by voluntarily dismissing his appeal he waived further review. The Court will not address these claims.

Maximov's ineffective assistance of counsel claims, however, are not procedurally barred. *See Massaro*, 538 U.S. at 509. Although Judge Duncan found otherwise, this does not change the outcome. Judge Duncan addressed the merits of Maximov's ineffective assistance of counsel claims in analyzing whether Maximov had demonstrated sufficient cause to overcome the procedural bar rule. Maximov argued that he should have been sentenced under the 1998 guidelines, which would have resulted in a lesser sentence. He argued his counsel was ineffective for failing to raise this claim on appeal. But as Judge Duncan correctly noted, the conduct underlying Maximov's conviction occurred between 2006 at 2008. Doc. 10-4 at 4 (charging Maximov for a conspiracy to commit several crimes that took place "[o]n or about July 2006 and continuing to and

including a date unknown to the grand jury, but at least until January 8, 2008"). Maximov was sentenced for crimes charged in the indictment. There is no basis for concluding that he was sentenced for crimes that occurred when the 1998 version of the guidelines was in effect, and thus counsel was not ineffective in failing to raise this issue.

Maximov also argues his counsel was ineffective for failing to object to the Aggravated Role enhancement. He claims there was no evidence that other participants were "working" for him and that he had no control over their conduct. But as Judge Duncan noted, counsel did object to the enhancement at sentencing, arguing that the government failed to present evidence that any single participant in the conspiracy was the leader. Doc. 10-1 at 48. The mere fact that the Court rejected the argument does not render counsel's performance objectively unreasonable under *Strickland v. Washington*, 466 U.S. 668 (1984).

Petitioner's claims challenging his sentence and the validity of the indictment are procedurally barred and his claims for ineffective assistance of counsel are meritless. The petition will be denied.

**IT IS ORDERED:**

1. Petitioner's petition for writ of habeas corpus (Doc. 1) is **denied**.
2. Magistrate Judge David K. Duncan's R&R (Doc. 15) is **accepted.**
3. A certificate of appealability and leave to proceed in forma pauperis on appeal are **denied** because Petitioner has not made a substantial showing of the denial of a constitutional right as required by 28 U.S.C. § 2253(c)(2).
4. The Clerk shall **terminate** this action.

Dated this 7th day of August, 2015.

_David G. Campbell_
David G. Campbell
United States District Judge